83,787-01

CASE NO. 1445929

This document contains some pages that are of poor quality at the time of imaging.

1445930

1446657

Overille Denton Thompson,

Relator,

v.

Susan Brown,

Respondent,

The Court of

Criminal Appeals

Austin, Texas

OVERILLE DENTON THOMPSON's MOTION FOR LEAVE TO FILE

APPLICATION FOR WRIT OF MANDAMUS IN THE COURT OF

CRIMINAL APPEALS

RECEIVED IN
COURT OF CRIMINAL APPEALS

AUG 26 2015

Abel Acosta, Clerk

To the Honorable Judges of this Court :

Relator, Overille Denton Thompson, files this Motion for Leave to File Application for Writ of Mandamus in the Court of Criminal Appeals pursuant to Rule 72.1 of the Texas Rules of Appellate Procedure, and in support shows the Court the following :

1. Relator respectfully requests that this Court grant Relator leave to file the attached Application for Writ of Mandamus, directing the Honorable Susan Brown, Judge of the 185th Judicial District Court of Harris County, Texas, currently presiding in Cause Numbers 1445929, 1445930, 1446657, styled State of Texas v. Overille Thompson, to rule on Relator's properly submitted remedies listed as :

Leave to File

Page 1 of 5

a. Petition for Writ of Habeas Corpus for Bond Reduction with supporting affidavit,

b. Motion for Discovery,

c. Motion for Evidentiary Hearing with supporting affidavit,

d. Motion to Dismiss with supporting affidavit,

e. Defendant Overille Denton Thompson's Application for Pre-Trial Writ of Habeas Corpus with supporting affidavits.

2. Relator's Motion for Leave to File an Application for Writ of Mandamus stems from Judge Susan Brown's failure to rule on the aforesaid remedies despite show from Relator of being in oppressive and unlawful restraint. An affidavit has been attached to the Appendix of the Application to satisfy the exhibit requirement of the Court to effect that such submissions have been properly filed by U.S. Mail to Chris Daniel, Harris County District Clerk.

3. Relator Overille Denton Thompson's clear legal right to be heard has effectively been denied him because of:

Point One: The Ineffective and Insufficient Counsel of Court-appointed Attorney, Tommy Lafon, and

Point Two: The Respondent Susan Brown's failure to Answer Relator's Properly Filed Remedies,

4. As demonstrated by the accompanying application, the trial court's refusal or failure to rule on Relator's properly submitted or filed remedies constitutes a clear abuse of discretion and a denial of Relator's rights.

ES0085-01-07

5. In light of the clear abuse of discretion committed by Respondent, Relator files this Motion for Leave to File Application for Writ of Mandamus to seek appropriate relief from the trial court's flagrant disregard for Relator's constitutional and statutory rights, as set out more fully in the attached application and supporting document(s).

6. Despite Relator's repeated requests that Respondent make rulings on Relator's properly filed remedies [documents], Respondent has failed or refused to act.

7. Relator has no other adequate remedy at law, other than the issuance of a writ of mandamus to compel Judge Susan Brown to no longer deny Relator his right to be heard and make just ruling on Relator's properly filed remedies.

THEREFORE, Relator Overille Denton Thompson prays that the Court will grant him leave to file the Application for Writ of Mandamus, that the matter be set for hearing, and that on final hearing the Court grant Relator the relief requested, and any other relief to which Relator is entitled.

Respectfully submitted,

Overille D. Thompson, Jr.
Applicant

ES0085-01-07

# VERIFICATION

STATE OF TEXAS

COUNTY OF HARRIS

Overille Denton Thompson, being duly sworn, under oath says:

"I am the applicant in this action and know the contents of the above Motion for Leave to File Application for Writ of Mandamus in the Court of Criminal Appeals, and according to my belief, the facts stated in the document are true."

I. JAMES
Notary Public
STATE OF TEXAS
Commission Exp. OCT. 23, 2017

_Overille D. Thompson Jr._
Signature of Applicant

SUBSCRIBED AND SWORN TO BEFORE THIS _20_ DAY OF _August_, 2015,

_____
Signature of Notary Public

ES0085-01-07

CASE NO. 1445929

1445930

1446657

Overille Denton Thompson,

Relator,

v.

Susan Brown,

Respondent.

The Court of

Criminal Appeals

Austin, Texas

## CERTIFICATE OF SERVICE

I, Overille Denton Thompson, certify that on August 20, 2015 , a true copy of a motion for leave to file application for writ of mandamus has been served on the Court of Criminal Appeals in Austin, Texas by U.S. Mail.

Overille Denton Thompson, Jr.

CASE NO. 1445929

1445930

1446657

Overille Denton Thompson,
Relator,

v.

Susan Brown,
Respondent.

OVERILLE DENTON THOMPSON'S APPLICATION FOR WRIT OF

MANDAMUS


IDENTITY OF PARTIES


1. Judge Susan Brown / Harris County Criminal Justice Center / 1201 Franklin, 17th floor / Houston, Texas 77002

ES0085-01-07

# TABLE OF CONTENTS

1. Index of Authorities           Pages 1-2

2. Statement of the Case        Pages 3-4

3. Statement of Jurisdiction      Page 5

4. Issues Presented             Page 5

5. Statement of Facts - Point I:     Pages 6-9
   The Ineffective and Insufficient Counsel of
   Court-appointed Attorney, Tommy LaFon

6. Arguments - Point I:          Pages 10-11
   The Ineffective and Insufficient Counsel of
   Court-appointed Attorney, Tommy LaFon

7. Statement of Facts - Point II:    Pages 12-13
   The Respondent Susan Brown's Failure to Answer
   Relator's Properly Filed Remedies

8. Arguments - Point II:         Pages 14-15
   The Respondent Susan Brown's Failure to Answer
   Relator's Properly Filed Remedies

ES0085-01-07

9. Prayer                                Page 16

10. Verification                         Page 17

11. Appendix                             Pages 18-22

12. Certificate of Compliance            Page 23

13. Certificate of Service               Page 24

ES0085-01-07

# INDEX OF AUTHORITIES

1. Article I §3 of the Texas Constitution — Pages 11, 14

2. Article I §3a of the Texas Constitution — Pages 11, 14

3. Article I §8 of the Texas Constitution — Pages 11, 14

4. Article I §9 of the Texas Constitution — Pages 11, 15

5. Article I §10 of the Texas Constitution — Pages 10, 11, 14, 15

6. Article I §12 of the Texas Constitution — Page 14

7. Article I §13 of the Texas Constitution — Pages 10, 11, 14

8. Article I §19 of the Texas Constitution — Pages 10, 11, 14, 15

9. Article 5 §8 of the Texas Constitution — Page 14

10. Article 11.60 of the Texas Code of Criminal Procedure — Page 14

11. Article 17.151 §1 (1) of the Texas Code of Criminal Procedure — Page 10

12. Article 38.23 of the Texas Code of Criminal Procedure — Page 15

13. Barnes v. State — Page 15

14. Eighth Amendment of the United States Constitution — Page 10, 11, 14

15. Fifth Amendment of the United States Constitution — Pages 10, 11, 14, 15

16. First Amendment of the United States Constitution — Pages 11, 14

17. Fourteenth Amendment of the United States Constitution — Pages 10, 11, 14, 15

18. Fourth Amendment of the United States Constitution — Pages 11, 15

19. In re Cahill — Page 15

20. Kimmelman v. Morrison — Page 10

21. Kozacki v. Knize — Page 15

22. Morse v. Baker-Olsen — Page 15

23. Nunes v. Mueller — Page 15

24. Sixth Amendment of the United States Constitution — Pages 10, 11, 14, 15

25. Texas Penal Code §37.09           Pages 11, 15

26. Texas Penal Code §37.10           Page 15

## STATEMENT OF THE CASE

1. Relator, Overille Denton Thompson, is charged with the following:

   a. Case No. 1445929 - Possession With Intent to Deliver a Controlled Substance - Penalty Group 1 4>200 Grams,

   b. Case No. 1445930 - Felon in Possession of Firearm, and

   c. Case No. 1446657 - Possession of a Controlled Substance - With Intent to Deliver - Penalty Group 2 or 2-A 4>400 Grams.

2. In the 185th Judicial District Court of Harris County, Texas, Relator has filed the following actions to remedy his unlawful confinement in these cases:

   a. Petition for Writ of Habeas Corpus for Bond Reduction with supporting affidavit,

   b. Motion for Discovery,

   c. Motion for Evidentiary Hearing with supporting affidavit,

   d. Motion to Dismiss with supporting affidavit,

   e. Defendant Overille Denton Thompson's Application for Pre-Trial Writ of Habeas Corpus with supporting affidavits, mailed to Chris Daniel, Harris County District Clerk, on or around August 13, 2015.

   The actions listed a-d have been left void, and given the flagrant disregard shown historically for the Relator's constitutional and statutory rights, it is reasonable to conclude that the same course of unrespensiveness

could ensue with the Relator's most recent submission – his Application for Pre-Trial Writ of Habeas Corpus; wherein lies the root of the matter for which Relator seeks relief – the denial of his clear legal right to be heard, which has been effectively denied Relator through Point One, the ineffective and insufficient counsel of his court-appointed attorney, Tommy LaFon, and Point Two, Respondent Susan Brown's failure to answer Relator's properly filed remedies.

3. Respondent is Susan Brown in the 185th Judicial District Court in Harris County, Texas. She is the judge of said court, whose location is Harris County Criminal Justice Center/1201 Franklin, 17th floor/Houston, Texas 77002.

## STATEMENT OF JURISDICTION

Relator, Overille Denton Thompson, invokes the jurisdiction of the Court of Criminal Appeals because the Relator has no other adequate remedy at law to forthwith move the trial court in the performance of its ministerial duty and not leave void Relator's properly filed remedies, which in the Appendix, sworn affidavit of the submission of such can be evidenced to satisfy Court's requirement of exhibits; further evidence of these submissions can be found simply by accessing the website of Chris Daniel, Harris County District Clerk.

## ISSUES PRESENTED

Relator Overille Denton Thompson's clear legal right to be heard has effectively been denied him because of:

Point I: The Ineffective and Insufficient Counsel of Court-appointed Attorney, Tommy LaFon, and

Point II: The Respondent Susan Brown's Failure to Answer Relator's Properly Filed Remedies.

ES0085-01-07

## STATEMENT OF FACTS

Point I : The Ineffective and Insufficient Counsel of Court-appointed Attorney, Tommy LaFon

Tommy LaFon did knowingly and purposefully misrepresent Relator Overilk Denton Thompson in that:

1. Between October 22, 2014 and June 2, 2015, Tommy LaFon never filed the necessary pretrial motions to properly prepare Relator for trial or protect Relator's constitutional and statutory rights, except for a mock submission of a Motion to Suppress, which he never intended to fulfill as evidenced on June 2, 2015, when he suspends indefinitely Relator's right to relief in the cases with no showing of sufficient overriding necessity for such.

2. On June 2, 2015, Tommy LaFon did intentionally and knowingly suspend indefinitely a scheduled Pre-Trial Hearing (referred to in preceding paragraph) and subsequent Jury Trial, showing insufficient overriding necessity for such as being, a new allegation - without indictment that Tommy LaFon claimed was unrelated to the three (3) cases, and that was only just added to Relator a mere 13 days prior.

3. On March 23, 2015, in open court at Pre-Trial Hearing, Tommy LaFon did make allowance without redress Respondent Susan Brown's attempt at coercion wherein, Relator was told that he (Relator) had to enter into a plea of guilt with the District Attorney if she (Respondent) were to side with prosecution at suppression hearing.

4. Tommy LaFon is and has been conspiring with State prosecutor(s) to:

a. keep Relator unlawfully confined while police conduct an on-going investigation of the new

allegation, for which Relator has yet to be indicted, and

b. manipulate Relator into unlawfully comparing evidence against himself in the new allegation, which fact Relator believes can be determined by and through an examining committee and the sequestering of State prosecutor(s) and Tommy LaFon.

5. On July 27, 2015 at Consultation for the four (4) supposedly unrelated cases, Tommy LaFon offers further evidence of his conspiratorial efforts to aid and abet State prosecutor(s) in that:

a. Tommy LaFon's submission to bring forward the Confidential Informant in these cases only demonstrates once again his true unwillingness to suppress State's evidence.

b. Tommy LaFon's submission to bring forward the Confidential Informant in these cases was endorsed by State prosecutor(s), because both Tommy LaFon and State prosecutor(s) already had prior knowledge that the informer had willfully come forward in the new allegation.

c. Tommy LaFon's submission to bring forward the Confidential Informant in these cases is a legal farce to:

(i) convince those in authority that Tommy LaFon is actually doing his duty instead of breaking the law, and

(ii) sedate Relator Overille Denton Thompson into a state of inactivity, at rest with the false belief that the cases will go away when the informer does not materialize.

d. Tommy LaFon's submission to bring forward the Confidential Informant in these cases is another successful ploy to delay due process and give State prosecutor(s) time to

indict Relator in the new allegation.

6. Tommy LaFon has unlawfully made allowable the new allegation against Relator in that he has full knowledge of the merits to impeach the issuing of such.

7. Tommy LaFon has had knowledge of evidence and criminal procedure to exculpate Relator in these cases, almost since the inception, and intentionally has not used such despite cries from Relator to the contrary.

8. Tommy LaFon, as Counsel for Defense, and perhaps as an attorney, period, has destroyed all his credibility in that:

a. He has conducted himself nefariously in dealing with Relator and Relator's mother, always blocking their every attempt to learn the nature of which Relator is accused through official police offense report.

b. He has unfairly resisted all of Relator's requests, suggestions and remedies to possibly offer relief to Relator in these cases.

c. His legal tactics are questionable and ofttimes erroneous.

d. He has trounced upon Relator's constitutional and statutory rights in many ways worse than Relator's adversaries.

e. He is conspiring with State prosecutor(s) and the record does reflect such.

All of the above have culminated into what should be considered irreconcilable differences

Writ of Mandamus

between attorney and client, and for his misrepresentation, Tommy LaFon will surely see Plaintiff Overille Denton Thompson in the United States District Court, which in itself constitutes a major "conflict of interest."

Point I :  The Ineffective and Insufficient Counsel of Court-appointed Attorney, Tommy LaFon

1. To demonstrate ineffective and insufficient counsel, Relator moves the Court to recognize the two elements of such in Kimmelman v. Morrison, U.S. 365, 106 S.Ct. 2574, 91 L.Ed. 2d 305 (1986) (finding ineffective counsel where counsel conducted no pretrial discovery and failed to file a timely suppression motion against prosecutions evidence.)

a. October 22, 2014 to March 23, 2015 [Pre-Trial Hearing] — No pretrial discovery was ever conducted by Tommy LaFon in these cases, yet still he set Relator's trial, to be heard on June 2, 2015.

b. March 23, 2015 [Pre-Trial Hearing] — Tommy LaFon files a mock motion to suppress, but then on June 2, 2015, demonstrates his true intent of not following through with this proceeding, when he deliberately suspends indefinitely both a scheduled Pre-Trial Suppression Hearing and Jury Trial showing insufficient overriding necessity for such, being a new charge — that was without indictment and had only just been added to Relator a mere 13 days prior.

2. Tommy LaFon has made no effort to free Relator from unlawful restraint or perform his duty as Counsel for Defense, of which is evidenced by his failure to file for a required bond reduction if the state is not ready for trial within 90 days from the commencement of the defendant's detention, directly pursuant to Article 17.151 §1 (1) of the Texas Code of Criminal Procedure, but not excluding Relator's rights protected under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, and under Article I §10, §13, and §19

of the Texas Constitution.

3. Tommy LaFon's failure to file any of the necessary pretrial motions to protect Relator's constitutional and statutory rights in these cases is a major violation pursuant to the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, and Article I §3, §3a, §8, §9, §10, §13 and §19 of the Texas Constitution.

4. Tommy LaFon by and through his actions has remanded Relator unfairly to oppressive and unlawful confinement, while the State conducts an on-going investigation of a new allegation, which is both cruel and unusual punishment that may also constitute a criminal act of Tampering directly pursuant to Texas Penal Code §37.09 and violates Relator's rights pursuant to the Eighth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and Article I §13, §10, and §19 of the Texas Constitution.

5. Tommy LaFon, through his own admission to Relator of having had over 20 plus years of criminal law experience, has also from the record possessed knowledge of evidence and criminal procedure to exculpate Relator in these cases, and has refused to exercise such despite cries from Relator to the contrary, which violates Relator's rights pursuant to the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United states Constitution, Article I §3, §3a, §8, §9, §10, §13, and §19 of the Texas Constitution, and quite possibly Texas Penal Code §37.09.

6. Tommy LaFon, by and through his action(s), of not adopting Relator's properly submitted remedies into activity, has effectively gagged Relator of his constitutional right to be heard, a violation pursuant to the First, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, Article I §8, §3, §3a, §10, §13, and §19 of the Texas Constitution, and quite possibly Texas Penal Code §37.09.

## STATEMENT OF FACTS

Point II : The Respondent Susan Brown's Failure to Answer Relator's Properly Filed Remedies

1. To the best of Relator's knowledge, understanding, and recall, on March 23, 2015 in open court at Pre-Trial Hearing, Respondent Susan Brown did knowingly attempt to coerce Relator Overille Denton Thompson by stating that if she were to side with prosecution at suppression hearing, then the Relator would have to enter into a plea of guilt with the District Attorney. This account should be verifiable by accessing the court minutes and/or transcripts of said court.

2. Respondent has knowledge of evidence and criminal procedure to exculpate Relator in these cases by and through Relator's properly submitted motion(s), petition(s), and sworn affidavits.

3. Respondent has knowledge that Relator's restraint in these cases is both oppressive and unlawful by and through Relator's properly submitted motion(s), petition(s), and sworn affidavits.

4. Respondent has full knowledge by and through Relator's properly submitted motion(s), petition(s), and sworn affidavits that the evidence in these cases were gathered illegally and cannot be used at trial against Relator because they are in effect "fruits of a poisonous tree," which fact can be brought forth plainly at an evidentiary hearing.

5. Respondent has knowledge by and through Relator's correspondences and properly filed remedies that Relator's counsel, Tommy LaFon, is ineffective and insufficient.

6. To satisfy the Court's requirement for exhibits of the documents/remedies filed in the

185th Judicial District Court in Harris County, Texas, Relator has attached to Appendix a sworn affidavit to effect such; also other evidence of these submissions can be accessed at the website of Chris Daniel, Harris County District Clerk.

# ARGUMENTS

Point II : The Respondent Susan Brown's Failure to Answer Relator's Properly Filed Remedies

1. On March 23, 2015, Respondent Susan Brown, in attempting to coerce Relator Overille Denton Thompson into accepting a plea of guilt, did in fact violate Relator's rights pursuant to the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, and Article I §10, §13, and §19 of the Texas Constitution.

2. Respondent's knowledge of Relator's oppressive and unlawful restraint in these cases and her refusal to issue the writs for Relator's earlier petitions is to be considered "contempt of court" according to Article 11.60 of the Texas Code of Criminal Procedure and violates Relator's rights pursuant to Article 5 §8 and Article I §12, §3, §3a, §8, §10, §13, and §19 of the Texas Constitution, and the First, Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution.

3. Respondent's knowledge of Relator's ineffective and insufficient counsel, which was made plain to her by and through Relator's properly filed remedies, and her refusal to grant relief in reply to those remedies, for which Relator is legally entitled, violates Relator's right to be heard with or without counsel directly pursuant to Article I §10 of the Texas Constitution, but not excluding Article I §3, §3a, §8, §13, and §19 of the Texas Constitution, and the First, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution.

4. Respondent has knowledge through Relator's properly filed remedies that the police committed a criminal act of Tampering/Fabricating Physical Evidence, namely an Affidavit, to illegally acquire a search warrant, on which the evidence in these cases was gathered unlawfully and

cannot be used at trial pursuant to Texas Penal Code §37.09 and §37.10, Article 38.23 of the Texas Code of Criminal Procedure, the Fourth, Fifth, Sixth, and Fourteenth Amendments of the United States Constitution, and Article I §9, §10, and §19 of the Texas Constitution.

5. Relator has asserted his right to an evidentiary hearing in these cases through properly submitted motion(s) and sworn affidavit(s), of which Relator is entitled as shown in Nunes v. Mueller, 350 F.3d 1045, 1055 (9th Cir. 2003) (finding lack of evidentiary hearing inadequate to find "facts"); also (finding that the state court's "factual" findings were unreasonable when the court made the findings without holding an evidentiary hearing).

6. Respondent has left the Relator's properly filed remedies void, giving the appellate court jurisdiction to issue mandamus despite availability of other remedies analysis adopted in Morse v. Baker-Olsen (App. 14 Dist. 1996) 929 S.W.2d 659. Mandamus key 3(1)

7. Mandamus is available to correct judicial action that ignores clear binding precedent because trial judges do not enjoy freedom to ignore the law. Kozacki v. Knize (App. 10 Dist. 1994) 883 S.W.2d 760. Mandamus key 26

8. Prerequisites for issuance of writ of mandamus by an appellate court are existence of legal duty on part of lower court to perform nondiscretionary act, demand for performance, and refusal of court to perform. Barnes v. State (App. 1 Dist. 1992) 832 S.W.2d 424. Mandamus key 12; Mandamus key 14(1); Mandamus key 14(3)

9. Exhibits accompanying relator's petition for writ of mandamus were not required to be admissible evidence. In re Cahill (App. 13 Dist. 2008) 267 S.W.3d 104 Mandamus key 154(1)

## PRAYER

WHEREFORE, Relator Overille Denton Thompson, in oppressive unlawful restraint, prays that the Court will enable his right to be heard through honoring this Application for Writ of Mandamus, thereby issuing such writ to compel Respondent Susan Brown, Honorable Judge in the 185th Judicial District Court of Harris County, Texas, to perform the ministerial duties of her post by making just and prompt rulings in answer to Relator's properly filed documents and provide Relator appropriate record of such, especially the applications for writ of habeas corpus submitted recently, Ex parte.

Respectfully submitted,

Overille D. Thompson, Jr.,
Applicant

ES0085-01-07

## VERIFICATION

STATE OF TEXAS

COUNTY OF HARRIS

Overille Denton Thompson, being duly sworn, under oath says:

"I am the applicant in this action and know the contents of the above Application for Writ of Mandamus, and according to my belief, the facts stated in the Application are true."

L. JAMES
Notary Public
STATE OF TEXAS
Commission Exp. OCT. 29, 2017

_Orville D. Thompson, Jr._
Signature of Applicant

SUBSCRIBED AND SWORN TO BEFORE ME THIS 20 DAY OF August 2015.

Signature of Notary Public

1. Article I §3 of the Texas Constitution. EQUAL RIGHTS. All free men, when they form a social compact, have equal rights, and no man, or set of men, is entitled to exclusive separate public emoluments, or privileges, but in consideration of public services.

2. Article I §3a of the Texas Constitution. EQUALITY UNDER THE LAW. Equality under the law shall not be denied or abridged because of sex, race, color, creed, or national origin. This amendment is self-operative.

3. Article I §8 of the Texas Constitution. FREEDOM OF SPEECH.... Every person shall be at liberty to speak, write or publish his opinions on any subject, being responsible for the abuse of that privilege; and no law shall ever be passed curtailing the liberty of speech...

4. Article I §9 of the Texas Constitution. SEARCHES AND SEIZURES. The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation.

5. Article I §10 of the Texas Constitution. RIGHTS OF ACCUSED IN CRIMINAL PROSECUTIONS. In all criminal prosecutions the accused shall have a speedy public trial by an impartial jury. He shall have the right to demand the nature and cause of the accusation against him, and to have a copy thereof. He shall not be compelled to give evidence against himself, and shall have the right of being heard by himself or counsel, or both...

6. Article I §12 of the Texas Constitution. HABEAS CORPUS. The writ of habeas corpus is a writ of right, and shall never be suspended. The Legislature shall enact laws to render the remedy speedy and effectual.

7. Article I §13 of the Texas Constitution. EXCESSIVE BAIL OR FINES; CRUEL AND UNUSUAL PUNISHMENT; REMEDY BY DUE COURSE OF LAW. Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted.

8. Article I §19 of the Texas Constitution. DEPRIVATION OF LIFE, LIBERTY, ETC.; DUE COURSE OF LAW. No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disenfranchised, except by due course of the law of the land.

9. Article 5 §8 of the Texas Constitution. Jurisdiction of District Court. District Court judges shall have power to issue writs necessary to enforce their jurisdiction.

10. Article 11.60 of the Texas Code of Criminal Procedure, REFUSING TO EXECUTE WRIT. Any officer to whom a writ of habeas corpus, or other writ, warrant or process authorized by this Chapter shall be directed, delivered or tendered, who refuses to execute the same according to his directions, or who wantonly delays the service or execution of the same, shall be liable to fine as for contempt of court.

11. Article 17.151 §1(1) of the Texas Code of Criminal Procedure. Release or bail reduction is required if the state is not ready for trial within 90 days from the commencement of the defendant's detention.

12. Article 38.23 of the Texas Code of Criminal Procedure. EVIDENCE NOT TO BE USED: (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.

13. Barnes v. State (App. 1 Dist, 1992) 832 S.W.2d 424, Mandamus key 12; Mandamus key 14(1); Mandamus key 14(3) (Prerequisites for issuance of writ of mandamus by an appellate court are existence of legal duty on part of lower court to perform nondiscretionary act, demand for performance, and refusal of court to perform.)

14. Eighth Amendment of the United States Constitution. Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.

15. Fifth Amendment of the United States Constitution. No person ... shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law ...

16. First Amendment of the United States Constitution. Congress shall make no law ... abridging the freedom of speech ...

17. Fourteenth Amendment of the United States Constitution. Section 1. All persons born or naturalized in the United States and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

18. Fourth Amendment of the United States Constitution. The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

19. Exhibits accompanying relator's petition for writ of mandamus were not required to be admissible evidence. In re Cahill

(App. 13 Dist. 2008) 267 S.W. 3d 104 Mandamus key 154(1)

20. Kimmelman v. Morrison, U.S. 365, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986),

   (Finding ineffective counsel where counsel conducted no pretrial discovery and failed to file a timely suppression motion against prosecutions evidence.)

21. Kozacki v. Knize (App. 10 Dist. 1994) 883 S.W. 2d 760, Mandamus key 26,

   (Mandamus is available to correct judicial action that ignores clear binding precedent because trial judges do not enjoy freedom to ignore the law.)

22. Morse v. Baker-Olsen (App. 14 Dist. 1996) 929 S.W. 2d 659 Mandamus key 3(1),

   (Appellate court may issue mandamus despite availibility of other remedies if trial court's order is void.)

23. Nunes v. Mueller, 350 F. 3d 1045, 1055 (9th Cir. 2003)

   (Finding lack of evidentiary hearing inadequate to find "facts".);

   (Finding the the state court's "factual" findings were unreasonable when the court made the findings without holding an evidentiary hearing.)

24. Sixth Amendment of the United States Constitution. In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation ..., and to have the Assistance of Counsel for his defence.

25. Texas Penal Code §37.09 (a)(2). A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he makes, presents, or uses any record, document, or thing with knowledge of its falsity and with intent to affect the course or outcome of the investigation or official proceeding. TAMPERING WITH OR FABRICATING PHYSICAL EVIDENCE.

26. Texas Penal Code §37.10. TAMPERING WITH OR FABRICATING PHYSICAL EVIDENCE. A person commits an offense if he makes, presents or uses any record, document, or thing with knowledge of its falsity and with intent that it be taken as a genuine governmental record.

ES0085-01-07

## AFFIDAVIT OF OVERILLE DENTON THOMPSON IN SUPPORT OF
## APPLICATION FOR WRIT OF MANDAMUS

STATE OF TEXAS
COUNTY OF HARRIS

I, Overille Denton Thompson, first being duly sworn, depose and say:

1. I am the Relator in the above proceeding in which Respondent, the Honorable Susan Brown, Judge of the 185th Judicial District Court of Harris County, Texas, currently presides in Cause Numbers 1445929, 1445930, and 1446657, styled State of Texas v. Overille Thompson.

2. I was arrested on October 22, 2014 and since have been confined in Harris County Jail in Houston, Harris County, Texas.

3. From oppressive and unlawful confinement, I have properly filed with the trial court the following documents:

   a. Petition for Writ of Habeas Corpus for Bond Reduction with supporting affidavit,

   b. Motion for Discovery,

   c. Motion for Evidentiary Hearing with supporting affidavit,

d. Motion to Dismiss with supporting affidavit,

e. Defendant Overille Denton Thompson's Application for Pre-Trial Writ of Habeas Corpus with supporting affidavits.

4. Due to confinement, I am unable to provide copies of the preceding documents as exhibits for inspection, however evidence of such submissions can be found at the website of Chris Daniel, Harris County District Clerk.

L JAMES
Notary Public
STATE OF TEXAS
Commission Exp. OCT. 29, 2017

_Overille D. Thompson, Jr._
Signature of Applicant

SUBSCRIBED AND SWORN TO BEFORE ME THIS 20 DAY OF August 2015,

Signature of Notary Public

Overille Denton Thompson,

Relator,                                                    The Court of

v.                                                         Criminal Appeals

Susan Brown,                                               Austin, Texas

Respondent.

## CERTIFICATE OF COMPLIANCE

   Relator Overille Denton Thompson submits this, his Certificate of Compliance in the above-captioned cause numbers having served an application for writ of mandamus on the Court of Criminal Appeals in Austin, Texas, and hereby certifies that the number of words in the Application is 2,780 .

CASE NO. 1445929

1445930

1446657

Overille Denton Thompson,

Relator,

v.

Susan Brown,

Respondent.

The Court of

Criminal Appeals

Austin, Texas

CERTIFICATE OF SERVICE

I, Overille Denton Thompson, certify that on August 20, 2015, a true copy of an application for writ of mandamus has been served on the Court of Criminal Appeals in Austin, Texas by U.S. Mail.

Overille D. Thompson, Jr.
Overille Denton Thompson, Jr